UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DUSTY RAY SPENCER,                        Case No.: 3:17-CV-73-J-39-PDB

    Plaintiff,

v.

JULIE JONES, ET AL.,

    Defendants.
_____/

### NON-PARTY CENTURION OF FLORIDA, LLC'S SPECIAL APPEARANCE, MOTION TO QUASH SERVICE OF PROCESS AND INCORPORATED MEMORANDUM OF LAW

Non-Party, Centurion of Florida, LLC, through undersigned counsel and pursuant to Rule 12, *Federal Rules of Civil Procedure*, and Local Rule 3.01, *Local Rules for the Middle District of Florida*, makes this special appearance without submitting itself to the jurisdiction of this Court, and moves this Court to quash service of process.[1] Service of process should be quashed because it was effectuated on Centurion Managed Care, not on Centurion of Florida, LLC.

## A. Background.

This is a lawsuit for deliberate indifference to a serious medical need brought by Plaintiff who is an inmate at Union Correctional Institution ("UCI"). The Amended Complaint names "Centurion Managed Care" as a party-defendant. Amended Complaint, at ¶9. As shown by the Summons and Return of Service, service of process was completed on "Centurion Managed Care"

---

[1] Centurion of Florida, LLC, appears solely to challenge service of process, has not submitted itself to the jurisdiction of this Court, and reserves its rights to challenge: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) failure to state a cause of action, (6) failure to join indispensable parties, (7) standing, (8) failure to exhaust administrative remedies, and all other defenses available to it. *See*, *Tracfone Wireless, Inc. v. Unlimited PCS, Inc.*, 2012 WL 12996614 *2 (S.D. Fla. March 6, 2012).

on January 3, 3018. True and correct copies of the Summons and Return of Service are attached hereto as "Composite Exhibit A."

The Amended Complaint alleges that "Centurion Managed Care" is a private company that contracted with DOC to provide medical care and treatment for the inmates at UCI from a period extending from May 2016 to the present. Amended Complaint, at ¶9. However, the medical provider for UCI is Centurion of Florida, LLC, not "Centurion Managed Care." For this reason, as explained in detail below, non-party Centurion of Florida, LLC, hereby makes a special appearance without submitting itself to the jurisdiction of this Court, and requests that service of process be quashed as improper.

### B. Memorandum of Law.

It is plaintiff's burden to establish proper service of process when challenged. *Kelly v. Florida*, 233 F.R.D. 632, 634 (M.D. Fla. 2005); (*citing*, *Polskie Linie Oceaniczne v. Seasafe Transport A/S,* 795 F.2d 968 (11th Cir.1986)). Without proper service, a court may not proceed in the matter. *Vives v. Wells Fargo, N.A.*, --- So. 3d ---- Fla. 3d DCA 2012), 37 Fla. L. Weekly D1531.[2] Furthermore:

> The party invoking the court's jurisdiction has the burden of proving proper service of process. To meet that burden, a plaintiff may produce evidence of a valid return of service. 'If the return is regular on its face, then the service of process is presumed to be valid .... However, if the return is defective on its face, it cannot be relied upon as evidence that the service of process was valid.'

*Romeo v. US Bank National Association*, 114 So. 3d 585, 586 (Fla. 4th DCA 2014) (*quoting*, *Sunseeker Int'l Ltd. v. Devers,* 50 So.3d 715, 717 (Fla. 4th DCA 2010)).

---

[2] Federal courts look to state law regarding matters of service of process. *See*, *Thompson v. King*, 523 F. Supp. 180, 183 (M.D. Fla. 1981; *see also*, Fed.R.Civ.P. 4.

Here, the Summons and Return of Service are invalid on their face, as Plaintiff served the incorrect corporate entity, i.e., Centurion Managed Care. *See*, Composite Exhibit A. For this reason, Plaintiff failed to meet his burden that service was valid, and service of process should be quashed accordingly. *See*, *Romeo*, 114 So. 3d at 586; *Sunseeker Int'l Ltd.,* 50 So.3d at 717.

WHEREFORE, non-party Centurion of Florida, LLC, makes a special appearance without submitting itself to the jurisdiction of this Court, and moves this Court to quash service of process purportedly perfected against it, and for any further relief in favor of Centurion of Florida, LLC, as this Court deems just and equitable.

## LOCAL RULE 3.01(G) CERTIFICATE

Undersigned counsel hereby certifies that no conference is required because this constitutes a motion to quash service of process.

DATED this 26th day of February, 2018.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

*/s/ Ana C. Françolin Dolney, Esquire*
**ANA C. FRANÇOLIN DOLNEY, ESQUIRE**
Florida Bar No.: 23162
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
Tel:407-730-3535/Fax:407-730-3540
Email: flcourtfilings@cmlawfirm.com
afrancolin@cmlawfirm.com
***Attorneys for Non-Party Centurion of Florida, LLC***

## CERTIFICATE OF SERVICE

I HEREBY certify that on the 26th day of February, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

*/s/ Ana C. Françolin Dolney, Esquire*
**ANA C. FRANÇOLIN DOLNEY, ESQUIRE**
Florida Bar No.: 23162
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
Tel:407-730-3535/Fax:407-730-3540
Email: flcourtfilings@cmlawfirm.com
afrancolin@cmlawfirm.com
***Attorneys for Non-Party Centurion of Florida, LLC***

## SERVICE LIST

**Dusty Ray Spencer**
**CASE NO. 3:17-cv-73-J-39PDB**
**United States District Court, Middle District of Florida**

**Joseph Stewart Hamrick, Esq.,** The Sichta Firm, 301 W Bay Street, Suite 14124, Jacksonville, FL 32202, joseph.s.hamrick@gmail.com.

**Gregg A. Toomey, Esq.**, The Toomey Law Firm, 1625 Hendry St, Ste 203, Fort Myers, FL 33901, gat@thetoomeylawfirm.com.