## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DUSTY RAY SPENCER,
DC #321031,

      Plaintiff,                    Case No.: 3:17-CV-73-J-39PDB

v.

FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

      Defendants.

_____/

## MOTION TO DISMISS SECOND AMENDED COMPLAINT
## OR MOTION TO STAY OR MOTION TO JOIN

Defendant, through undersigned counsel and pursuant to Rule 12(b)(6),

Federal Rules of Civil Procedure, moves this Court to dismiss the claims in

Plaintiff's Second Amended Complaint (Doc. 53). In the alternative, Defendant

requests this Court stay the instant case pending resolution of *Hoffer, et al, v. Julie

L. Jones*, Case No. 4:17-CV-214-MW/CAS (the "Related Lawsuit"), a Hepatitis C

class action law suit pending in the U.S. District Court for the Northern District or

join this case with the Related Lawsuit. In support, Defendant states as follows:

### Preliminary Statement

Plaintiff is presently incarcerated at Union Correctional Institution, 7819

N.W. 228th Street, Raiford, FL 32026-4000. Plaintiff was sentenced to death in

December 1992 and has been in the custody of the Florida Department of

1

Corrections ("FDC") since January 1993.

Plaintiff has filed his Second Amended Complaint ("Complaint") pursuant to 42 U.S.C. §1983 alleging deliberate indifference to a serious medical need in violation of his Eighth and Fourteenth Amendment rights. Plaintiff's Complaint fails to state a claim and should be dismissed.

## Plaintiff's Requested Relief

Plaintiff seeks an injunction ordering FDC to immediately provide him with direct-acting antiviral (DAA) medications and place him on a liver transplant waiting list. (Doc. 53, p. 16). Further, Plaintiff seeks compensatory and punitive damages, fees and costs, expenses and interest, an order retaining jurisdiction over this matter to ensure that the terms of any injunction are fully implemented, and any other relief this Court deems just and equitable.

## Plaintiff's Allegations

1.      Plaintiff claims he was diagnosed with Hepatitis C (HCV) while in the custody of FDC in 2009. Plaintiff claims he was denied treatment. (Doc. 53, p. 2) Specifically, Plaintiff alleges he requested Interferon plus Ribavirin, but was told his physician would monitor his case. (Doc. 53, p. 11)

2.      Plaintiff concedes that treatments prior to 2011 failed to cure most patients and acknowledges that the Food and Drug Administration (FDA) did not begin approving DAA drugs to be taken alone until 2013. (Doc. 53, p. 7)

2

3.      Plaintiff alleges that in October 2013, Dr. Shah (a gastrointestinal doctor) conducted a liver biopsy and diagnosed Plaintiff with stage four cirrhosis of the liver. (Doc. 53, p. 11)

4.      Plaintiff alleges that in January 2014, Dr. Shah suggested that Plaintiff might need the support of a liver transplant center. (Doc. 53, p. 12)

5.      Plaintiff alleges that in May 2014, he requested treatment with Interferon and Sovaldi. Plaintiff indicates that in November 2014, he renewed his request for Sovaldi. (Doc. 53, p. 12)

6.      Plaintiff acknowledges that the agency responsible for administering the Medicaid program in Florida, the Department of Children and Families (DCF), only recently determined DAA medications for HCV should be approved for all adult patients with an HCV diagnosis. (Doc. 53, p. 8)

7.      Plaintiff claims FDC has a policy, custom, and practice of rarely providing DAA medications to inmates with an HCV diagnosis. (Doc. 53, p. 9).

8.      Plaintiff claims that FDC delays DAA treatment, although such delays may render DAA drugs significantly less effective. (Doc. 53, p. 10).

9.      Plaintiff further claims that FDC's policy does not address liver transplantation, which is the only possible cure for people with decompensated cirrhosis. (Doc. 53, p. 10)

## **Motion to Dismiss Standard**

A claim will survive a motion to dismiss only if the factual allegations in the complaint "raise a right to relief above the speculative level." *Bell Atlantic Corp., et al. v. Twombly*, 550 U.S. 544 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, dismissal with prejudice is proper when a more carefully drafted complaint would not state a claim for relief. *Arthur v. JP Morgan Chase Bank, NA*, 569 Fed. Appx. 669, 686 (11th Cir. 2014) (*citing, Ziemba v. Cascade, Int'l, Inc.*, 256 F. 3d 1194, 1213 (11th Cir. 2001)).

### **I.  FDC is entitled to Eleventh Amendment Immunity.**

In the absence of any waiver or express congressional authorization, which are not present in this case, the Eleventh Amendment prohibits a suit against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). Congress did not intend to abrogate a state's Eleventh Amendment immunity in §1983 damage suits. *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490 (11th Cir. 1995). Florida has not waived its sovereign immunity or consented to be sued in damage suits brought pursuant to §1983. *See Gamble v. Florida*

4

*Dep't of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1513 (11th Cir. 1986). Florida has not waived its Eleventh Amendment immunity from suit in federal court. *See* §768.28(18), Florida Statutes. Therefore, Plaintiff's claim must be dismissed with prejudice.

## II.  Dismissal with prejudice is proper for failure to state a claim upon which relief can be granted for deliberate indifference.

To sustain a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a Plaintiff must allege facts showing (i) an objectively serious medical need; (ii) an objectively insufficient response to that need; (iii) subjective awareness of facts signaling the need; and (iv) an actual inference of required medical treatment from those facts. *Loeber v. Andem*, 487 Fed. Appx. 548, 549 (11th Cir. 2012) (*citing, Taylor v. Adams*, 221 F. 3d 1254, 1258 (11th Cir. 2000)). An objectively insufficient response by public officials to a serious medical need must be poor enough to constitute an unnecessary and wanton infliction of pain. *Id.* (*citing, Estelle v. Gamble*, 429 U.S. 97 (1976)). Inadvertent failure to provide adequate medical care, negligence in diagnosis or treatment, or medical malpractice, without more, fails to state a cognizable deliberate indifference claim. *Id.* (*citing, Estelle*, 429 U.S. 97).

In *Loeber*, the inmate filed a lawsuit alleging deliberate indifference towards his diagnosed Hepatitis C. 487 Fed. Appx. At 548. The inmate was treated with "lactulose," a medication that regulates elevated blood ammonia levels. *Id.* The

inmate alleged the correct course of treatment was treatment of the underlying condition through the medications Interferon and Ribavirin, which had been prescribed earlier for him by a doctor. *Id*. at 548-549.

The U.S. District Court for the Northern District of Florida dismissed the inmate's claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. *Id.* The Eleventh Circuit Court of Appeals affirmed, agreeing with the District Court that the inmate's complaint did not allege a claim upon which relief could be granted. *Id*. (*quoting, Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). The Eleventh Circuit explained that the defendants did not ignore the inmate's condition and the inmate's disagreement with the provided treatment did not constitute deliberate indifference. *Id*.

In *Black v. Alabama Dept. of Corrections*, 578 Fed. Appx. 794 (11th Cir. 2014), the inmate alleged deliberate indifference to his diagnosed Hepatitis C. The inmate had received regular medical care and close monitoring of his Hepatitis C and his condition was stable. *Id*. at 795. Due to his stable test results, the inmate was ineligible for placement in the Hepatitis C treatment program. The District Court granted the defendants summary judgment and the Eleventh Circuit Court of Appeals affirmed. *Id*. at 795-796. The Eleventh Circuit explained that the inmate had received treatment for his condition, and that to the extent the inmate disagreed with the treatment received, mere disagreement relating to treatment does not constitute deliberate indifference. *Id*.

6

Plaintiff has failed to state a claim upon which relief can be granted. Through the allegations in the Second Amended Complaint, Plaintiff has shown that his Hepatitis C has been regularly monitored and that he is at high priority for treatment. Plaintiff has requested an injunction ordering FDC to provide him with DAA medications but he acknowledges that liver transplantation is the only possible cure for people with decompensated cirrhosis. (Doc. 53, p. 10) Plaintiff has not alleged that he is a good candidate for a liver transplant. Plaintiff has not alleged that FDC has the authority to place him on a liver transplant list. As in *Loeber* and *Black*, Plaintiff's disagreement with the treatment he has been provided does not constitute deliberate indifference. *Loeber*, at 548; *Black*, at 794; *see also, Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985).

### III.   Dismissal with prejudice of Plaintiff's claim for injunctive relief is proper because Plaintiff has failed to allege the required elements for injunctive relief.

Plaintiff expresses disagreement with the medical care he has received pursuant to Supplement #3 to Health Service Bulletin (HSB) 15.03.09 which was promulgated by FDC on June 27, 2016, and relates to the treatment of inmates with Hepatitis C. Plaintiff requests injunctive relief in order to obtain DAA drug treatment and placement on the liver transplant waiting list. However, Plaintiff has failed to allege the required elements necessary for injunctive relief.

A preliminary injunction is appropriate only when the movant can demonstrate that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). The movant carries the burden of persuasion on all four of the above standards. *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983). An injunction must be denied if a movant fails to show irreparable injury even if the likelihood of success on the merits is shown. *Id*. Plaintiff's own allegations show there is no likelihood of success on the merits. He has received medical care and will continue to receive medical care for Hepatitis C as appropriate for someone in his condition and pursuant to the Court's orders in *Hoffer, et al, v. Julie L. Jones*, Case No. 4:17-CV-214-MW/CAS.

### IV.    Plaintiff's claim is moot.

The version of Supplement #3 to Health Service Bulletin (HSB) 15.03.09 dated June 27, 2016, no longer governs the treatment of FDC inmates with Hepatitis-C. On December 6, 2017, FDC filed a Revised Plan of Treatment for the Management of Hepatitis C in the District Court for the Northern District of Florida in *Hoffer, et al, v. Julie L. Jones*, Case No. 4:17-CV-214-MW/CAS (the

"Related Lawsuit") regarding the treatment of Florida inmates with Hepatitis C. Due to his diagnosis, Plaintiff in this lawsuit is part of the certified class in the Related Lawsuit. The District Court for the Northern District granted preliminary injunctive relief in the Related Lawsuit. Grant of preliminary injunctive relief in the Related Lawsuit has rendered most issues in this lawsuit moot.

Notably, the Revised Plan of Treatment for the Management of Hepatitis C provides that patients with an active case of Hepatitis C who are not being treated with direct-acting antiviral medication will be enrolled in the Gastrointestinal (G.I.) Clinic. Patients who are at fibrosis stage 4 will be seen every six months or sooner and will receive lab testing every three to six months as well as an abdominal ultrasound for hepatocellular carcinoma surveillance every six months. Patients at stage 4 fibrosis are considered to be a Priority Level 1, the Highest Priority for Evaluation and Treatment. Most Priority Level 1 patients will receive DAA treatment within six months of December 6, 2017.

If this Court should, nonetheless, decide the instant matter is not moot, Defendant requests a stay of this lawsuit pending resolution of the Related Lawsuit or transfer of this action to the Northern District to be joined with the Related Lawsuit.

As for Plaintiff's claim that his Fourteenth Amendment rights have been violated, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff has failed to allege facts sufficient to show a violation of his due process rights. Additionally, Plaintiff has failed to show any entitlement to compensatory and punitive damages, fees and costs, or any other relief.

## CONCLUSION

Based on the foregoing, Defendant requests its Motion to Dismiss be GRANTED for the following reasons:

1. The Florida Department of Corrections is entitled to Eleventh Amendment Immunity.

2. Plaintiff has failed to state a claim of deliberate indifference in violation of the Eighth Amendment.

3. Plaintiff has failed to allege the elements required for a grant of injunctive relief.

4. Plaintiff has failed to state a claim upon which relief can be granted for any violation of the Fourteenth Amendment.

5. Most issues in the instant case have been rendered moot by the Court's orders in *Hoffer, et al, v. Julie L. Jones*, Case No. 4:17-CV-214-MW/CAS (the "Related Lawsuit").

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**


/s/ *Damaris E. Reynolds*
DAMARIS E. REYNOLDS
Assistant Attorney General
Florida Bar No. 0037176
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
(850) 414-3300 - Telephone
(850) 488-4872 - Facsimile
Damaris.Reynolds@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed and/or furnished by electronic mail to: JOSEPH HAMRICK, joseph.s.hamrick@gmail.com and all other counsel of records on this 16th day of April, 2018.

/s/ *Damaris E. Reynolds*
Damaris E. Reynolds
Assistant Attorney General
Fla. Bar. No. 0037176