```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

DUSTY RAY SPENCER,

               Plaintiff,

v.                                    Case No. 3:17-cv-73-J-39PDB

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

               Defendants.

_____

**<u>ORDER</u>**

This cause is before the Court on Defendants' Joint Motion for Transfer of Venue and for Stay of Proceedings Pending Resolution of Case No. 4:17-CV-00214-MW-CAS or in the Alternative for Extension of Time for Defendant Centurion of Florida, LLC, to Respond to Second Amended Complaint (Motion) (Doc. 64). The Court directed Plaintiff to respond to the Motion. Order (Doc. 67). Plaintiff filed his Response to Defendants' Motion to Transfer and Motion to Stay (Response) (Doc. 69).

Plaintiff initiated this case, pro se, by filing a Civil Rights Complaint (Complaint) (Doc. 1). The Court appointed counsel, and Plaintiff is proceeding on a Second Amended Complaint and Demand for Jury Trial (Second Amended Complaint) (Doc. 53). In the Second Amended Complaint, he names as Defendants the Florida Department of Corrections (FDOC); Corizon Health (Corizon); Centurion of Florida, LLC (Centurian); and four doctors: G. Shah,

M.D.; Shubert, M.D.; Melendez, M.D.; and Haddad, M.D.   Id. at 3-4.  Generally, Plaintiff alleges that medical staff diagnosed him with Hepatitis C in 2009, while confined in the FDOC.  Id. at 1.  Plaintiff began requesting treatment for the disease shortly thereafter.  Id. at 1-2.  Finally, in July 2012, Dr. Montaya, a doctor in the Reception and Medical Center (RMC) oncology clinic, found a mildly enlarged spleen, bilary sludge, and a normal liver.  Id. at 2.  He recommended treatment for Hepatitis C.  Id.

By October 2013, a biopsy revealed Plaintiff's Hepatitis C had advanced to stage 4 cirrhosis of the liver.  Id.  In January 2014, Dr. Shah with Corizon saw Plaintiff and noted Plaintiff's high risk of liver failure.  Id.  As early as March 2014, Dr. Shah recommended Plaintiff start treatment for Hepatitis C.  Id.  He forwarded this recommendation and chart to Plaintiff's primary care physician, Dr. Shubert.  Id.  Treatment never commenced.  Id.

Plaintiff filed multiple grievances, inmate requests, and sick calls, but received no treatment.  Id.  Upon appeal to Tallahassee, in May 2015, the staff placed him on a waiting list for treatment.  Id.  Since at least 2014, Plaintiff has been told he has been on a waiting list.  Id.

In February 2016, Dr. James Miller saw Plaintiff and reviewed his file.  Id.  Upon review, he found no attempt had been made to follow the recommendation in his chart for treatment.  Id.  Dr. Miller directed: "Move forward per G.I. recommendation."  Id.  This

did not occur. Id. Plaintiff has been on the waiting list since March 2014. Id.

All of the named Defendant doctors were employed by the FDOC and/or Corizon at the relevant time period referenced in the Second Amended Complaint. Id. at 4. Plaintiff is confined in Union Correctional Institution (UCI), and has been confined there since 1993. Id. at 11. Dr. Montaya saw Plaintiff at the RMC clinic in July 2012. Id.

Both prisons mentioned above are located in the Jacksonville Division of the Middle District of Florida. Plaintiff filed his initial pro se Complaint in the Jacksonville Division of the Middle District of Florida. The Court appointed local counsel. Order (Doc. 11). At this juncture, all of the Defendants jointly seek to transfer venue pursuant to 28 U.S.C. § 1404 and Local Rule 3.01.[1] Motion at 1. They also seek a stay of the proceedings. Id. Finally, Centurion moves for an extension of time to respond to the Second Amended Complaint. Id.

Defendants seek a transfer of venue and stay primarily due to the pendency of a class action lawsuit in the Northern District of Florida, Hoffer v. Jones, Case No. 4:17-CV-00214-MW-CAS (Related Lawsuit). Id. at 2. The Related Lawsuit is a class action lawsuit

---

[1] Although Defendants state Defendant L. Mendez has not been served with process, Motion at 2, he is not named as a Defendant in the Second Amended Complaint (Doc. 53). Notably, Defendant Haddad has not responded to the Second Amended Complaint. See Return of Service (Doc. 62).

3

against Julie Jones, in her official capacity as Secretary of the FDOC, regarding treatment of Florida inmates diagnosed with Hepatitis C.  Upon motion, the district court in the Related Lawsuit certified a class, "defined as 'all current and future prisoners in the custody of the Florida Department of Corrections who have been diagnosed, or will be diagnosed, with chronic hepatitis C virus (HCV).'" Response, Exhibit 1 (Order Granting Motion for Class Certification at 14) (Doc. 69-1).  The district court granted a preliminary injunction.[2]  Defendants' Composite Exhibit A, Order Granting Motion for a Preliminary Injunction at 32 (Doc. 64-1).  The district court modified the FDOC's proposed treatment plan.  Defendants' Composite Exhibit A, Order Entering a Preliminary Injunction at 3-7 (Doc. 64-1).  See Defendants' Exhibit A, Defendant's Plan of Treatment for Chronic Hepatitis C (Doc. 64-1 at 41-48).  Indeed, the district court modified the preliminary injunction several times.  Defendants' Exhibit B, Order Modifying Preliminary Injunction (Doc. 64-1 at 64-67).

Plaintiff is a member of the certified class in the Related Lawsuit.  Motion at 2.  Defendants contend that the permanent injunctive relief portion of Plaintiff's lawsuit will be rendered moot in light of the granting of injunctive relief in the Related

---

[2] The district court, finding plaintiffs have a substantial likelihood of success on their Eighth Amendment claim, declined to address the American with Disabilities Act (ADA) and Rehabilitation Act (RA) claims.  (Doc. 64-1 at 13).

Lawsuit. <u>Id</u>. They also aver that the damages portion of Plaintiff's lawsuit will be a very different one once Plaintiff's treatment is completed. <u>Id</u>. at 2-3. The parties agree that treatment is very likely to cure Plaintiff of Hepatitis C. <u>Id</u>. at 3; Second Amended Complaint at 2. Defendants also assert that the damages portion of the present lawsuit will not be ascertainable until resolution of the Related Lawsuit and treatment is rendered. Motion at 3.

As relief, Defendants seek the transfer of the case to the Northern District of Florida and a stay of the case. <u>Id</u>. at 3. They contend the granting of this requested relief will not prejudice any of the parties, will benefit all involved, and will avoid duplication of judicial and other resources. <u>Id</u>. Defendant Centurion seeks an extension of time to respond to the Second Amended Complaint. <u>Id</u>. Plaintiff opposes the motion to transfer, but does not object to the request to stay. Response at 2, 4. He also has no objection to Centurion's request for extension of time. <u>Id</u>. at 4.

Defendants note the doctrine of *forum non conveniens* authorizes the trial court to decline to exercise its jurisdiction, even if it has venue, if it appears that, for the convenience of the parties and court, and in the interest of justice, the action should be tried in another forum. Motion at 3-4. Of import, "[t]he *forum non conveniens* doctrine is a rule of venue, not a rule

of decision." Sibaja v. Dow Chemical Co., 757 F.2d 1215, 1219 (11th Cir. 1985) (per curiam), cert. denied, 474 U.S. 948 (1985). Congress adopted 28 U.S.C. § 1404(a), not only codifying the existing law on *forum non conveniens*, but also intending to permit the granting of a transfer upon a lesser showing of inconvenience. Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955). As such, although Plaintiff's choice of forum is still considered, the district court's "discretion to be exercised is broader." Id.

In this regard, 28 U.S.C. § 1404(a) provides: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  It is important to recognize that "[t]he decision to transfer an action pursuant to § 1404(a) is left to the 'sound discretion of the district court[.]'" Houston v. White, No. 3:15cv104/MCR/EMT, 2015 WL 3651112, at *2 (N.D. Fla. June 11, 2015) (Order and Report and Recommendation) (citation omitted). This Court will analyze the relative fairness and convenience of the two alternative forums, keeping in mind the private interest of the litigants and public interest in the fair and efficient administration of justice.

Here, Plaintiff picked a forum that allows the Court to handle the case "at its origin." Id. at *2. The allegations raised in the Second Amended Complaint concern events that allegedly occurred

6

in the Jacksonville Division of the Middle District of Florida. In fact, both institutions mentioned in the Second Amended Complaint, UCI and RMC, are located in the Jacksonville Division. The medical care (or lack thereof) occurred in the Jacksonville Division. The ability to obtain access to sources of proof and obtain attendance of witnesses should not be difficult as Plaintiff is a long-term inmate confined at UCI and was confined at UCI during the course of the events leading up to the filing of his original Complaint.

Also of note, the Secretary of the FDOC is not a Defendant in this case, unlike the Related Lawsuit. Instead of naming the Secretary, Plaintiff names the FDOC, Corizon, Centurion, and four doctors as Defendants. It is true that for purposes of injunctive relief, the evidence developed and presented in the Related Lawsuit will certainly be relevant, but in all likelihood, the injunctive relief portion of the Second Amended Complaint will be moot and there will be no waste of judicial resources through duplicative review once the Northern District resolves the issue.

The Court is not convinced that the attendance of witnesses and availability of sources of proof favor a transfer to the Northern District of Florida. Moreover, Plaintiff is seeking monetary damages, as well as injunctive relief. <u>See</u> Response at 3. The case pending in the Northern District of Florida only concerns a claim for injunctive relief against the Secretary of the FDOC, in her official capacity. In Plaintiff's case, he is seeking

compensatory and punitive damages against the Defendants in their individual capacities. Second Amended Complaint at 16. The involvement of additional Defendants and the claim for monetary damages presents multiple issues not present in the Related Lawsuit. Response at 3. Of import, Plaintiff alleges he has suffered permanent damage to his liver and other body parts, claiming even if he is cured of Hepatitis C, irreparable damage has been done to his body due to the lack of treatment. Id. at 3-4.

Based on all of the above, the Court finds neither the private interest of the litigants nor the public interest of the administration of justice is best served by transferring Plaintiff's case to the Northern District of Florida. Therefore, the Court will deny Defendants' motion to transfer, but grant the unopposed motion to stay. The Court is persuaded that the damages portion of this lawsuit will not be ascertainable until Plaintiff has completed his treatment. See Motion at 5. Apparently, Plaintiff agrees, opining the best use of judicial resources is to allow the issue of appropriate injunctive relief to be resolved in the Related Lawsuit. Response at 4. The Court will also grant Centurion's unopposed motion for extension of time.

Therefore, it is now

**ORDERED:**

1. Defendants' Joint Motion for Transfer of Venue (Doc. 64) is **DENIED**.

2. Defendants' Joint Motion for Stay of Proceedings Pending Resolution of Case No. 4:17-CV-00214-MW-CAS (Doc. 64) is **GRANTED**.

3. The case is hereby **stayed**.

4. Defendant Centurion's Motion for Extension of Time to Respond to Second Amended Complaint (Doc. 64) is **GRANTED**.  The Court will set an appropriate deadline once the stay is lifted.

5. The **Clerk** shall administratively close the case.

6. The parties shall promptly notify the Court of the final resolution of the Related Lawsuit.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of June, 2018.

_____
BRIAN J. DAVIS
United States District Judge

sa 6/19
c:
Counsel of Record